## In the Interest of D.S.

### No. ED 100499.

Missouri Court of Appeals,
Eastern District,
Division Three.

May 13, 2014.

Steven W. Neimeyer, Chesterfield, MO, for appellant.

Gary L. Gardner, Jefferson City, MO, Richard J. Childress (Co–Counsel), St. Louis, MO, for respondent.

Before MARY K. HOFF, P.J., KURT S. ODENWALD, J., and ANGELA T. QUIGLESS, J.

### ORDER

PER CURIAM.

L.S. (Mother) appeals the judgment of the Circuit Court of St. Louis County terminating her parental rights to her minor child, D.S., upon a petition by the Missouri Department of Social Services, Children's Division. The trial court found statutory grounds for termination existed under sections 211.447.5(3) (continuous conditions of a harmful nature) and 211.447.5(6) (parental unfitness). In her two points on appeal, Mother asserts the trial court erred in terminating her parental rights because there was insufficient clear, cogent, and convincing evidence that either statutory ground for termination existed.

We have reviewed the briefs of the parties and the record on appeal and find that the judgment is supported by substantial evidence and is not against the weight of the evidence. We also find that no error of law appears. An extended opinion reciting the detailed facts and restating the principles of law applicable to this case would have no precedential value. We have, however, provided a memorandum for the use of the parties only setting forth the reasons for our decision.

We affirm the judgment pursuant to Rule 84.16(b).

ROBERT J. DOWD, JR., P.J., ROY L. RICHTER, J., and ANGELA T. QUIGLESS, J., concurring.

## C.M.J., Respondent,

v.

## R.P., Appellant.

### No. ED 100652.

Missouri Court of Appeals,
Eastern District,
Division Three.

May 13, 2014.

Talmage E. Newton, Pleban & Petruska Law, LLC, St. Louis, MO, for appellant.

David O. Kreuter, Kreuter & Gordon, P.C., St. Louis, MO, for respondent.

Before: MARY K. HOFF, P.J., KURT S. ODENWALD, J., and ANGELA T. QUIGLESS, J.

## ORDER

PER CURIAM.

R.P. ("Appellant") appeals from the trial court's judgment granting a full order of protection to C.M.J. ("Respondent") pursuant to Section 455.040, RSMo Cum.Supp. (2012). Appellant alleges that the trial court erred in granting the full order of protection because there was insufficient evidence to support a finding of stalking. Specifically, Appellant asserts that Respondent did not meet her burden of proving that she was in fear of physical harm from Appellant or that such fear would be reasonable under the circumstances.

We have reviewed the briefs of the parties, the legal file, and the record on appeal and find the claims of error to be without merit. No error of law appears. An extended opinion reciting the detailed facts and restating the principles of law applicable to this case would serve no jurisprudential purpose. The parties have been furnished with a memorandum for their information only, setting forth the reasons for our decision. We affirm the judgment pursuant to Mo. R. Civ. P. 84.16(b).

**STATE of Missouri, Respondent,**

v.

**Dwayne Q. SHELTON, Appellant.**

**No. ED 98970.**

Missouri Court of Appeals,
Eastern District,
Division Three.

May 13, 2014.

Edward Scott Thompson, Missouri Public Defender Office, St. Louis, MO, for appellant.

Chris Koster, Attorney General, Andrew C. Hooper, Assistant Attorney General, Jefferson City, MO, for Respondent.

Before MARY K. HOFF, P.J., SHERRI B. SULLIVAN, J., and KURT S. ODENWALD, J.

## ORDER

PER CURIAM.

Dwayne Q. Shelton (Defendant) appeals the judgment of conviction entered by the Circuit Court of the City of St. Louis after a jury found him guilty of first-degree statutory sodomy in violation of section 566.062. Defendant claims the trial court erred by submitting the verdict director to the jury because the instruction violated his right to a unanimous jury verdict under article I, section 22(a) of the Missouri Constitution and *State v. Celis–Garcia,* 344 S.W.3d 150 (Mo. banc 2011).

We have reviewed the briefs of the parties and the record on appeal and find no error. No jurisprudential purpose would be served by a written opinion reciting the detailed facts and restating the principles of law. We have, however, prepared a memorandum opinion for the use of the parties only setting forth the reasons for our decision.

We affirm the judgment pursuant to Rule 30.25(b).